UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SOUMAILA BOUBACAR,

        Plaintiff,

    v.

BUFFALO FINE ARTS ACADEMY D/B/A
ALBRIGHT-KNOX ART GALLERY,

        Defendant.

        17-CV-16-LJV-HKS
        DECISION & ORDER

---

SOUMAILA BOUBACAR,

        Plaintiff,

    v.

BUFFALO FINE ARTS ACADEMY D/B/A
ALBRIGHT-KNOX ART GALLERY, et al.,

        Defendants.

        17-CV-1092-LJV-HKS
        DECISION & ORDER

---

On January 6, 2017, the *pro se* plaintiff, Soumaila Boubacar, commenced the first of these actions under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL") against defendant Buffalo Fine Arts Academy d/b/a Albright-Knox Art Gallery ("Albright-Knox").  Case No. 17-cv-16, Docket Item 1.  On October 24, 2017, Boubacar, now represented by counsel, commenced a second action arising out of the same events under Title VII, the NYSHRL, the Thirteenth Amendment of the United States Constitution, and 42 U.S.C. § 1981, against Albright-Knox as well as Christine Skibinski, Janne Siren, and Karen Healey-Case.

Case No. 17-cv-1092, Docket Item 1.  On March 29, 2019, this Court referred both

cases to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings

under 28 U.S.C. § 636(b)(1)(A) and (B).  Case No. 17-cv-16, Docket Item 15; Case No.

17-cv-1092, Docket Item 13.

On September 8, 2023, the defendants moved for summary judgment in both

actions, Case No. 17-cv-16, Docket Item 47; Case No. 17-cv-1092, Docket Item 39;

on October 5, 2023, Boubacar responded,[1] Case No. 17-cv-16, Docket Item 58;[2] and

on October 30, 2023, the defendants replied, Case No. 17-cv-16, Docket Item 61; Case

No. 17-cv-1092, Docket Item 43.  On October 31, 2024, Judge Schroeder issued a

Report and Recommendation ("R&R") finding that the defendants' motion should be

granted as to the Title VII claims against Skibinski, Siren, and Healey-Case but denied

in all other respects.[3]  Case No. 17-cv-16, Docket Item 62; Case No. 17-cv-1092,

Docket Item 44.  The parties did not object to the R&R, and the time to do so now has

expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

---

[1] Boubacar mistakenly filed an unfinished memorandum of law, Case No. 17-cv-16, Docket Item 54, in opposition to defendants' motion for summary judgment.  *See* Case No. 17-cv-16, Docket Item 59 (requesting that Judge Schroeder accept amended memorandum of law).  Judge Schroeder accepted Boubacar's amended memorandum of law, Case No. 17-cv-16, Docket Item 58, for purposes of deciding defendants' motion for summary judgment.  *See* Case No. 17-cv-16, Docket Item 60.

[2] Boubacar filed a response to defendants' motion for summary judgment in only one of these actions.  Case No. 17-cv-16, Docket Item 58.  But Judge Schroeder considered Boubacar's response in both cases.  Case No. 17-cv-16, Docket Item 62 at 22 n.11; Case No. 17-cv-1092, Docket Item 44 at 22 n.11.

[3] In Boubacar's opposition, he did not address defendants' argument that summary judgment should be granted as to his section 1981 and Thirteenth Amendment claims.  Judge Schroeder accordingly deemed those claims abandoned. Case No. 17-cv-16, Docket Item 62 at 23 n.12; Case No. 17-cv-1092, Docket Item 44 at 23 n.12.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's careful and thorough R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to (1) grant the defendants' motion for summary judgment as to Boubacar's Title VII claims against Skibinski, Siren, and Healey-Case; (2) dismiss the section 1981 and Thirteenth Amendment claims as abandoned;[4] (3) deny the defendants' motion for summary judgment as to Boubacar's NYSHRL claims against Skibinski, Siren, and Healey-Case; and (4) deny the

---

[4] The Court agrees with Judge Schroeder's conclusion that Boubacar abandoned his section 1981 and Thirteenth Amendment claims by not addressing them in his response. *See Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way."). Defendants had sought summary judgment on Boubacar's section 1981 and Thirteenth Amendment claims, *see* Case No. 17-cv-16, Docket Item 47-2 at ¶ 2; Case No. 17-cv-1092, Docket Item 39-2 at ¶ 2 (noting that defendants sought to dismiss Boubacar's "claims in their entirety"), and Boubacar did not mention these claims in his opposition. The Court thus understands Judge Schroeder's R&R as recommending that Boubacar's section 1981 and Thirteenth Amendment claims be dismissed as abandoned. The Court accepts and adopts this recommendation.

defendants' motion for summary judgment as to Boubacar's Title VII and NYSHRL claims against Albright-Knox.

For the reasons stated above and in the R&R, the defendants' motion for summary judgment in both cases; Case No. 17-cv-16, Docket Item 47; Case No. 17-cv-1092, Docket Item 39; is GRANTED IN PART and DENIED IN PART as noted above. The parties shall contact the Court within 30 days of the date of this order to schedule a status conference to set a trial date.

SO ORDERED.

Dated:        November 25, 2024
              Buffalo, New York

                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE